T.C. Memo. 2015-77

UNITED STATES TAX COURT

DAVID EUGENE YUSKA, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26958-14L.                                Filed April 20, 2015.

On Nov. 19, 2013, R sent P a Notice of Federal Tax Lien Filing and Your Right to a Hearing with regard to his unpaid Federal income tax for the taxable years 2005 and 2006. P submitted to R a timely request for a hearing under I.R.C. secs. 6320 and 6330. After the request for a hearing, P filed a bankruptcy petition under ch. 13 of the Bankruptcy Code. While the bankruptcy case remained open, R issued to P a Notice of Determination Concerning Collection Action for the taxable years 2005 and 2006. In response to the notice of determination P filed a petition for review challenging the notice. R filed a motion to dismiss for lack of jurisdiction on the ground that the petition was filed in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8) (2012). P filed an objection.

<u>Held</u>: The notice of determination was issued to P in violation of the automatic stay imposed by 11 U.S.C. sec. 362(a) and was invalid and of no effect. <u>See</u> <u>Smith v. Commissioner</u>, 124 T.C. 36 (2005).

**[\*2]** <u>Held</u>, <u>further</u>, R's motion to dismiss for lack of jurisdiction will be denied, and this case will be dismissed for lack of jurisdiction on the Court's own motion.

David Eugene Yuska, pro se.

<u>Susan K. Bollman</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  On January 9, 2015, respondent filed a motion to dismiss for lack of jurisdiction (motion) asserting that the petition in this case was filed in violation of the automatic stay provisions of 11 U.S.C. sec. 362(a)(8) (2012).  On February 11, 2015, petitioner filed an opposition to respondent's motion.

Background

The sequence of relevant events in this case unfolded as follows:  (1) on November 19, 2013, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320 with respect to tax years 2005 and 2006; (2) on December 3, 2013, petitioner submitted to respondent a

[*3] timely request for administrative review under section 6320;[1] (3) on September 29, 2014, petitioner filed for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Iowa; (4) on October 7, 2014, respondent issued a Notice of Determination Concerning Collection Actions for the taxable years 2005 and 2006; and (5) on November 12, 2014, petitioner filed a petition with the Court challenging respondent's notice.

At the time the petition was filed, petitioner resided in Waterloo, Iowa.

### Discussion

The jurisdiction of this Court is limited by statute and, in a collection review proceeding brought pursuant to sections 6320 and 6330, this Court's jurisdiction generally depends upon the issuance of a valid notice of determination and a timely filed petition for review. Prevo v. Commissioner, 123 T.C. 326, 328 (2004). We have jurisdiction to decide whether we have jurisdiction. Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978). This case must be dismissed for lack of jurisdiction because the petition was filed in violation of the automatic stay provisions of 11 U.S.C. sec. 362(a)(8). Prevo v. Commissioner, 123 T.C. at 331. However, where the application of the automatic stay may act as

_____

[1]All section references are to the Internal Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*4] an impediment to this Court's jurisdiction, it is incumbent on the Court to determine the proper ground for dismissal. Smith v. Commissioner, 124 T.C. 36, 40 (2005). This principle is particularly compelling in the present case where the Court is confronted with two alternative grounds for dismissal, one of which will have the effect of denying petitioner the opportunity to obtain review of respondent's notice of determination in this Court. See id.

The automatic stay under 11 U.S.C. sec. 362(a)(1) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title". In Smith v. Commissioner, 124 T.C. at 43, we concluded that the issuance by the Internal Revenue Service (IRS) of notices of determination sustaining the appropriateness of proceeding with levy action, after the commencement of the bankruptcy case, constituted the continuation of administrative collection actions against the taxpayer within the meaning of 11 U.S.C. sec. 362(a)(1).

In his motion, respondent asks the Court to distinguish the instant case from the holding in Smith because the notices of determination in Smith v. Commissioner, 124 T.C. at 37, were in response to administrative review under section 6330, in a levy case, whereas the notice of determination in this case is in

**[\*5]** response to administrative review under section 6320, in a lien case.

Respondent points out that in a lien case, the notice of Federal tax lien is filed

before any administrative review under section 6320 and before a determination by

respondent. Respondent argues that, in a levy case such as Smith, the levy could

not be effected until after a final notice of intent to levy that provided the taxpayer

administrative review rights was issued to the taxpayer. Respondent concludes that

issuance of a notice of determination in a lien filing case differs in that the filing of

the notice of Federal tax lien is complete before the issuance of a notice of Federal

Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320.

The notice of determination in Prevo v. Commissioner, 123 T.C. at 327, was

in response to an administrative review under section 6320 in a lien case. In Prevo

v. Commissioner, 123 T.C. at 329-330, we fully described lien filing and the

application of sections 6320 and 6330:

> Section 6321 imposes a lien in favor of the United States on all
> property and rights to property of a person liable for taxes when a
> demand for the payment of the person's taxes has been made and the
> person fails to pay those taxes. Such a lien arises when an assessment
> is made. Sec. 6322. Section 6323(a) requires the Secretary to file a
> notice of Federal tax lien if the lien is to be valid against any
> purchaser, holder of a security interest, mechanic's lienor, or judgment
> lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd.
> 56 Fed. Appx. 800 (9th Cir. 2003). From the taxpayer's perspective,
> the filing of such a lien may have the negative effects of creating a
> cloud on the taxpayer's title to property and impairing the  taxpayer's

[*6] creditworthiness. See, e.g., Magana v. Commissioner, 118 T.C. 488 (2002).

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide specified protections for taxpayers in tax collection matters. Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

In response to the notice required by section 6320 petitioner requested administrative review in this case pursuant to section 6330. This administrative review provided by the statute permits a taxpayer to raise a number of issues relating to collection. Sec. 6330(c)(2). The administrative review further requires the IRS to verify that the requirements of applicable law and administrative procedure have been met and that the need for efficient collection is balanced with the legitimate concerns that collection action be no more intrusive than necessary. Sec. 6330(c)(3); Kraft v. Commissioner, 142 T.C. 259, 264 (2014). There is no doubt that the notice of lien filing and the opportunity for administrative and

**[\*7]** judicial review are part and parcel of the IRS collection procedures. When

section 6320 was enacted, the House conference report explained:

> The conference agreement generally follows the Senate amendment, except that taxpayers would have a right to a hearing after the Notice of Lien is filed. The IRS would be required to notify the taxpayer that a Notice of Lien had been filed within 5 days after filing. During the 30-day period beginning with the mailing or delivery of such notification, the taxpayer may demand a hearing before an appeals officer who has had no prior involvement with the taxpayer's case. In general, any issue relevant to the appropriateness of the proposed collection against the taxpayer can be raised at this hearing. * * * [H.R. Conf. Rept. No. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019; emphasis added.]

This excerpt makes clear that offering an opportunity for administrative review

under section 6320 in a lien case was considered to be an essential step in the IRS

collection procedure.

We distinguished Smith from Prevo on the basis of the sequence of relevant

events, not on the ground that Smith was a levy case and Prevo was a lien case.

Smith v. Commissioner, 124 T.C. at 39. We noted that in Prevo, "the sequence of

relevant events unfolded as follows: (1) The Commissioner issued to the taxpayer

a notice of determination concerning collection actions; (2) the taxpayer filed a

bankruptcy petition; and (3) the taxpayer filed with the Court a petition for lien or

levy action." Smith v. Commissioner, 124 T.C. at 39. In contrast in Smith, the

cases developed as follows: (1) the taxpayer filed a bankruptcy petition; (2) the

**[\*8]** Commissioner issued to the taxpayer notices of determination concerning collection actions; and (3) the taxpayer filed with the Court petitions for lien or levy action.  Id.  Like the taxpayer in Smith, petitioner filed for bankruptcy before the Commissioner issued a notice of determination concerning collection actions.

When petitioner filed a petition in bankruptcy (after the request for administrative review under section 6320), it is clear that the commencement and/or continuation of collection activity was barred as a result of the stay provisions in 11 U.S.C. sec. 362(a)(1).  Nevertheless, respondent issued the notice of determination sustaining the IRS collection action during the pending bankruptcy.  We conclude that the notice of determination issued while the bankruptcy was pending was in violation of the stay and accordingly is invalid.[2]

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

---

[2]If we were to hold otherwise, petitioner would lose the right of judicial review of the lien filing in this Court.  We noted in Prevo v. Commissioner, 123 T.C. 326, 330 (2004), that Congress did not include in secs. 6320 and 6330 a tolling provision comparable to the tolling provision in sec. 6213(f) that would extend the period for petitioner to file a petition for lien or levy action with this Court.

**[\*9]**  To reflect the foregoing,

<u>An order of dismissal will be entered denying respondent's motion to dismiss for lack of jurisdiction and dismissing this case for lack of jurisdiction on the Court's own motion.</u>